# UNITED STATES DISCTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER** ) <br> 1028 N Federal Highway ) <br> Lake Worth FL 33460 ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **BUREAU OF PRISONS** ) <br> 320 First Street, NW ) <br> Washington, DC  20534 ) <br> Defendant. ) <br> _____ ) | Civil Action <br> No. |

## COMPLAINT

1. This lawsuit is an action under the Freedom of Information Act, 5 U.S.C. § 552, et seq., seeking production of records responsive to requests submitted by the Human Rights Defense Center to the Bureau of Prisons.

### Jurisdiction and Venue

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a) and 2202.

3. Venue is appropriate in this Court under to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391.

## PARTIES

4. Plaintiff Human Rights Defense Center is a non-profit charitable organization incorporated in the state of Washington, with principal offices in Lake Worth, Florida.

5. Defendant Bureau of Prisons is a component of the United States Department of Justice and an agency under 5 U.S.C. §552(f)(1) and 5 U.S.C. § 701.

## FACTS

### Human Rights Defense Center's Background and Mission

6. The Human Rights Defense Center was founded in 1990. It is dedicated to public education, prisoner education, advocacy, and outreach to support the rights of prisoners and to further basic human rights.

7. The Human Rights Defense Center's publishing project distributes books to prisoners and other customers. It also publishes two monthly magazines, *Criminal Legal News* and *Prison Legal News.*

8. In addition to publishing, the Human Rights Defense Center engages is advocacy and education.

The Bureau of Prisons

9. The Bureau of Prisons is the nation's federal prison system, established in 1930.

10. Currently, it is responsible for over 183,000 people committed to its custody, and operates 122 carceral facilities across the country.

11. According the Bureau of Prisons's website, [https://www.Bureau of Prisons.gov/inmates/communications.jsp](https://www.Bureau of Prisons.gov/inmates/communications.jsp) (last visited April 22, 2018), "Studies show that when inmates maintain relationships with friends and family, it greatly reduces the risk they will recidivate."

12. To handle commissary accounts, the Bureau of Prisons runs the Trust Fund Accounting and Commissary System, TRUFACS.

13. The Bureau of Prisons operates a telephone system to help people maintain ties with their families and other community contacts. The system is called TRUFONE.

14. Because electronic communication has become a standard means of communication, the Bureau of Prisons also operates an electronic messaging system, the Trust Fund Limited Inmate Computer System, TRULINCS, available at all facilities.

15. TRULINCS was developed and is operated, at least in part, by Advanced Technologies Group.

16. Advanced Technologies Group is an operating company of Keefe Group.

17. The Bureau of Prisons allows people in its custody to receive money in their commissary accounts through the commercial services MoneyGram and Western Union.

18. When a person is released from custody, any funds remaining in their TRUFACS account are given to them on a debit card, with limited exceptions.

19. At least some of these debit cards are provided by Chase, the United States consumer and commercial banking business of JPMorgan Chase & Company.

## The Request for Information at Issue

20. On April 10, 2015, the Human Rights Defense Center sent a request to the Bureau of Prisons for documents about TRUFONE, TRULINCS, money transfers, and debit cards.

21. The letter requested:

    i. All contracts or other agreements, including all exhibits, addenda, and extensions, between the Federal Bureau of Prisons (Bureau of Prisons) and any provider of telephone services for use by prisoners or other detainees that have been in effect at any time between 2010 and the request date.

    ii. Documents detailing all payments made to or on behalf of the Bureau of Prisons from or on behalf of any telephone service provider between 2010 and the request date.

iii. Documents detailing rates for telephone calls made by prisoners or other detainees of the Bureau of Prisons that have been in effect at any time between 2010 and the request date.

iv. Documents detailing all fees related to use of telephone services by the prisoners or other detainees of the Bureau of Prisons that have been in effect at any time between 2010 and the request date. This request specifically includes all ancillary fees incurred by people who accept calls from prisoners or other detainees, including any fees related to prepaid phone accounts.

v. All contracts or other agreements, including exhibits, addenda, and extensions, between the Bureau of Prisons and any provider of email or electronic messaging services for use by prisoners or other detainees that have been in effect at any time between 2010 and the request date.

vi. Records detailing all payments made to or on behalf of the Bureau of Prisons from or on behalf of any provider of email or electronic messaging services for use by prisoners or other detainees between 2010 and the request date.

vii. Documents detailing rates for email or electronic messaging services for use by prisoners or other detainees at the Bureau of Prisons that have been in effect at any time between 2010 and the request date.

viii. Documents detailing all ancillary fees related to email or electronic messaging services for use by prisoners or other detainees at the Bureau of

        Prisons that have been in effect at any time from January 1, 2010 to the request date.

ix.    All contracts or other agreements, including exhibits, addenda and extensions, between the Bureau of Prisons and any provider of services used to transfer funds to people upon their release from incarceration by the Bureau of Prisons, that have been in effect at any time between 2010 and the request date.

x.    Records detailing all payments made to or on behalf of the Bureau of Prisons from or on behalf of any provider of services used to transfer funds to people upon their release from incarceration by the Bureau of Prisons between 2010 and the request date.

xi.    Documents detailing all ancillary fees related to the transfer of funds to people upon their release from incarceration by the Bureau of Prisons, including, but not limited to, all cardholder agreements that have been in effect at any time between 2010 and the request date.

xii.    All contracts or other agreements, including exhibits, addenda, and extensions, between the Bureau of Prisons and any provider of money transfer services, including, but not limited to, any services whereby members of the public can send money to prisoners or other detainees for placement on their institutional accounts, that have been in effect at any time between 2010 and the request date.

      xiii.      Records detailing all payments made to or on behalf of the Bureau of Prisons from or on behalf of any money transfer services provider between 2010 and the request date.

      xiv.      Documents detailing all ancillary fees related to money transfer services, including but not limited to fees charged to send money to prisoners or other detainees for placement on their institutional accounts that have been in effect at any time between 2010 and the request date.

22.    The Bureau of Prisons responded, releasing 101 pages of various documents in full and a 421-page contract between the government and UNISYS for the inmate telephone system, which included redactions and one missing page. The Bureau of Prisons referred 125 pages to the Department of the Treasury and twelve pages to the Department of Justice's Justice Management Division for release determinations.

23.    The referred documents were ultimately released (with some redactions), and are not the subject of this lawsuit.

24.    None of the released documents comprised:

      i.      Contracts for the TRULINCS electronic messaging system, entered into with Advanced Technology Group, Keefe Group, or any other entity;

      ii.      Payments for TRULINCS;

      iii.      Rates for TRULINCS;

    iv.       Ancillary fees for TRULINCS;

    v.       Contracts for debit cards entered into with Chase, JPMorgan Chase & Company, or any other entity; or

    vi.      Payments for debit cards.

25. Also omitted was one page of a contract with UNISYS, page eleven of the Statement of Work, which would appear between Bates numbered pages 19 and 20.

26. On November 29, 2016, the Human Rights Defense Center filed an administrative appeal with the Department of Justice Office of Information Policy about these omissions.

27. The Human Rights Defense Center never received a response to the administrative appeal.

## The Human Rights Defense Center's Claim for Relief
Violation of the Freedom of Information Act, 5 U.S.C. §552

28. The Human Rights Defense Center incorporates paragraphs 1 - 27 by reference.

29. The Bureau of Prisons wrongly withheld documents responsive to the Human Rights Defense Center's properly submitted request.

30. The Human Rights Defense Center has a statutory right to all the records it seeks, and there is no basis for the Bureau of Prisons to withhold them.

31. As a result, by failing to release all the records specifically requested by the Human Rights Defense Center, the Bureau of Prisons has violated the Freedom of Information Act.

## REQUESTED RELIEF

The Human Rights Defense Center therefore respectfully requests that this Court:

1. Declare that the records sought by the Human Rights Defense Center are subject to the Freedom of Information Act;

2. Order the Bureau of Prisons to disclose the requested records: the documents regarding electronic messaging services and the documents regarding contracts and payments related to release payments for prisoners;

3. Award costs and attorney's fees under 5 U.S.C. § (a)(4)(E); and

4. Grant such other relief as the Court may consider just and proper.

Date: May 4, 2018

        Respectfully submitted,

        <u>/s/ Deborah M. Golden</u>
        Deborah M. Golden
        Human Rights Defense Center
        316 F Street, NE #107
        Washington, DC 20002
        (202) 543-8100
        (202) 630-0332 (cell)
        D.C. Bar No. 470-578