# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                            )

**HUMAN RIGHTS DEFENSE CENTER,**  )

                                            )

        **Plaintiff**                   )

                                            )     **Civil Action No. 18-1064 (JEB)**

        **v.**                      )     **(ECF)**

                                            )

**BUREAU OF PRISONS**               )

                                            )

        **Defendant.**             )

_____)

## ANSWER

Defendant Federal Bureau of Prisons ("BOP" or "Defendant"), by and through the United States Attorney for the District of Columbia, respectfully submits the following Answer and defenses to the Complaint filed by Human Rights Defense Center ("Plaintiff" or "HRDC") in the above-styled action.   In support thereof, Defendant states the following:

### FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

### SECOND DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

### THIRD DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

1

<u>FOURTH DEFENSE</u>

The court lacks subject matter jurisdiction over Plaintiff's complaint because Defendant has not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

<u>FIFTH DEFENSE</u>

The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions.   Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law or to compel the production of records that are not subject to FOIA.

<u>SIXTH DEFENSE</u>

Plaintiff claims are barred by its failure to exhaust administrative remedies.

<u>SEVENTH DEFENSE</u>

Plaintiff is not entitled to attorney's fees or costs.

<u>RESPONSES TO NUMBERED PARAGRAPHS</u>

Defendant denies each and every allegation contained in the Complaint except as hereinafter may be expressly admitted.

1.      Defendant admits that an action under FOIA is brought under 5 U.S.C. § 552, *et seq*.   The remainder of the paragraph represents Plaintiff's conclusion of the law for which no response is required.

2

2.      This paragraph contains a conclusion of law to which no response is required.   To the extent a response is deemed required, Defendant admits that the Court has jurisdiction subject to the terms and limitations of FOIA.

3.      Admit.

4.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4.

5.      Admit.

6.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6.

7.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 7.

8.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8.

9.      Admit.

10.     Defendant admits that it is responsible for over 183,000 people committed to the custody of BOP and that it operates 122 institutions throughout the nation.   Defendant denies the remaining allegations of Paragraph 10.

11.     Admit.

12.     Deny.   Defendant states it operates the Trust Fund Accounting and Commissary System ("TRUFACS") to maintain inmate Deposit Fund accounts and Commissary operation.

13.     Deny.   Defendant states that it operates Inmate Telephone System ("TRUFONE") for inmates to supplement written correspondence to maintain family and community ties.

3

14.     Deny.   Defendant states that the Trust Fund Limited Inmate Computer System ("TRULINCS") provides inmates with a computer system that does not jeopardize the safety, security, orderly operation of the correctional facility, or the protection of the public or staff.

15.     Deny.   Defendant states TRULINCS was developed and is maintained by Advanced Technologies Groups, LLC.

16.     Admit.

17.     Deny.   Defendant states that it allows inmates in its custody to receive money in their commissary accounts through the commercial services of MoneyGram and Western Union.

18.     Deny.   Defendant states that when an inmate is released from custody, any funds remaining in their Deposit Fund account are given to them on a release debit card, with limited exceptions.

19.     Deny.   Defendant states that JPMorgan Chase was the previous card vendor and, since June 2017, release debit cards have been issued by Metabank/First Data.

20.     Defendant lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20.   Defendant states that on or about April 14, 2015, it received a FOIA request from the Plaintiff dated April 10, 2015, and the request sought information about the BOP inmate telephone system, inmate electronic messaging services, and payments made to inmates upon release from the custody of the BOP.

21.

i.      Deny.   Defendant states the request sought "All contracts or other agreements, including all exhibits, addenda and extensions, between the Federal Bureau of Prisons (BOP) and any provider of telephone services for use by prisoners or other detainees that have been in effect at any time from January 1, 2010 to present."

4

ii.     Deny.   Defendant states the request sought "Documents detailing all payments made to or on behalf of the BOP from or on behalf of any telephone service provider from January 1, 2010 to present."

iii.    Deny.   Defendant states the request sought "Documents detailing rates for telephone calls made by prisoners or other detainees of the BOP that have been in effect at any time from January 1, 2010 to present."

iv.     Deny.   Defendant states the request sought "Documents detailing all fees related to use of telephone services by the prisoners or other detainees of the BOP that have been in effect at any time from January 1, 2010 to present. This request specifically includes all ancillary fees incurred by people who accept calls from prisoners or other detainees, including any fees related to prepaid phone accounts."

v.      Deny.   Defendant states the request sought "All contracts or other agreements, including exhibits, addenda and extensions, between the BOP and any provider of email or electronic messaging services for use by prisoners or other detainees that have been in effect at any time from January 1, 2010 to present."

vi.     Deny.   Defendant states the request sought "Records detailing all payments made to or on behalf of the BOP from or on behalf of any provider of email or electronic messaging services for use by prisoners or other detainees from January 1, 2010 to present."

vii.    Deny.   Defendant states the request sought "Documents detailing rates for email or electronic messaging services for use by prisoners or other detainees at the BOP that have been in effect at any time from January 1, 2010 to present."

viii.   Deny.   Defendant states the request sought "Documents detailing all ancillary fees related to email or electronic messaging services for use by prisoners or other detainees at the BOP that have been in effect at any time from January 1, 2010 present.

ix.     Deny.   Defendant states the request sought "All contracts or other agreements, including exhibits, addendums and extensions, between the BOP and any provider of services used to transfer funds to people upon their release from incarceration by the BOP, that have been in effect at any time from January 1, 2010 to present."

5

x.      Deny.   Defendant states the request sought "Records detailing all payments made to or on behalf of the BOP from or on behalf of any provider of services used to transfer funds to people upon their release from incarceration by the BOP from January 1, 2010 to present."

xi.     Deny.   Defendant states the request sought "Documents detailing all ancillary fees related to the transfer of funds to people upon their release from incarceration by the BOP, including but not limited to all cardholder agreements that have been in effect at any time from January 1, 2010 to present."

xii.    Deny.   Defendant states the request sought "All contracts or other agreements, including exhibits, addenda and extensions, between the BOP and any provider of money transfer services, including but not limited to any services whereby members of the public can send money to prisoners or other detainees for placement on their institutional accounts, that have been.in effect at any time from January 1, 2010 to present."

xiii.   Deny.   Defendant states the request sought "Records detailing all payments made to or on behalf of the BOP from or on behalf of any money transfer services provider from January 1, 2010 to present."

xiv.    Deny.   Defendant states the request sought "Documents detailing all ancillary fees related to money transfer services, including but not limited to fees charged to send money to prisoners or other detainees for placement on their institutional accounts that have been in effect at any time from January 1, 2010 to present."

22.    Admit.

23.    Because Plaintiff avers that the records noted in Paragraph 23 are not the subject of the lawsuit, a response is not required.

24.

i.      Admit.

ii.     Admit.   Defendant avers that the FOIA request sought records from January 1, 2010 to present and the FOIA request was received on or about April 14, 2015, after the retention period for maintaining the records for this period of time expired.

      iii.     Deny.   Defendant states the rates for TRULINCS are $0.05 per minute for public messaging and $0.15 per page to print and that a screen shot was provided to the Plaintiff for the price per TRU-Units.

      iv.     Admit.   Defendant states there are no ancillary fees for TRULINCS.

      v.     Admit.   Defendant states the BOP's National Acquisition Section has never been a party to those contracts as those contracts were the responsibility of the Department of Treasury.

      vi.     Admit.   Defendant states The Trust Fund Branch does not pay for debit cards.

25.     Admit.   Defendant states that in response to Plaintiff's appeal to the Office of Information Policy, Defendant undertook a subsequent search and located the Statement of Work and provided the same to staff from the Office of Information Policy.   On or about August 21, 2017, the Office of Information Policy released the Statement of Work to the Plaintiff in response to the Plaintiff's appeal.

26.     Admit.

27.     Deny.   Defendant states that on or about August 21, 2017, the Office of Information Policy responded to Plaintiff's appeal.

The remainder of Plaintiff's Complaint consists of Plaintiff's conclusions of fact and law and prayer for relief to which no responses are required.   To the extent responses are required, Defendant denies.

Defendant denies each and every allegation contained in the Complaint not specifically admitted above.

7

August 13, 2018                              Respectfully submitted,


                                             JESSIE K. LIU, D.C. Bar # 472845
                                             United States Attorney
                                             for the District of Columbia

                                             DANIEL F. VAN HORN, D.C. Bar # 924092
                                             Civil Chief

                                             By:_____/s/_____
                                             KENNETH ADEBONOJO
                                             Assistant United States Attorney
                                             Judiciary Center Building
                                             555 4th Street, N.W. – Civil Division
                                             Washington, D.C.   20530
                                             Telephone: (202) 252-2562


**OF COUNSEL**

C. Darnell Stroble
Assistant General Counsel
U.S. Department of Justice
Federal Bureau of Prisons
320 First Street, NW, Room 841
HOLC Building
Washington, DC 20534
(202) 514-9180

8

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing Defendant's Answer to be served upon

Plaintiff's counsel via ECF.

_____/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney

9